STEPHEN SLOSSON, Assignee, etc., *vs.* JOHN FERGUSON and others.

January 24, 1884.

**Bond to discharge Attachment.**—In proceedings under the statute to secure a release of property from attachment by means of a bond to the plaintiff, a bond in favor of the plaintiff, specifically named as obligee, conditioned that if "said plaintiff recover judgment in the said action," etc., is a compliance with the statute providing for a bond to the plaintiff, conditioned that "if the plaintiff recovers judgment in the action," etc.

**Same—Action by Assignee of Plaintiff.**—A plaintiff to whom such a bond had been executed made an assignment, pursuant to statute, for the benefit of creditors. The assignee was substituted as plaintiff in the action, and recovered judgment. *Held,* that the obligors in the bond became liable to the assignee thereon.

Action upon a bond given to discharge an attachment, brought in the district court for Hennepin county. The complaint alleges the bringing of an action by one Newton R. Bell against defendant Ferguson, and the levy of an attachment therein; that the attachment was released upon the giving of the bond in suit, executed by defendant Ferguson, as principal, and the other defendants Newell and Felt as

sureties, which is set out in full; that during the pendency of that action this plaintiff was duly appointed the assignee of said Bell under a general assignment, and was duly substituted as plaintiff in his place; that judgment was duly rendered therein against defendant Ferguson, and no part thereof has been paid. The defendants Newell and Felt interposed a general denial, and, on the trial before *Lochren, J.,* moved for judgment upon the pleadings, which motion was denied. The action was then tried, the court found the facts to be as alleged in the complaint, and judgment was entered for plaintiff, from which defendants Newell and Felt appeal.

*F. B. Hart,* for appellants.

The bond in suit is not conditioned as required by statute that "if the plaintiff recovers judgment in the action," but the language is restricted to Newton R. Bell personally, viz.: "that in case *the said plaintiff* recover judgment in said action." These defendants are sureties, and no obligation rests upon them under this bond to the plaintiff in this action. *McCluskey* v. *Cromwell,* 11 N. Y. 593; *Wood* v. *Fisk,* 63 N. Y. 245; *Davis* v. *Van Buren,* 72 N. Y. 587; Baylies on Sureties, 144, 297, 534; *Miller* v. *Stewart,* 9 Wheat. 681; *Palmer* v. *Foley,* 71 N. Y. 106; *People* v. *Vilas,* 36 N. Y. 459; *Grieff* v. *Kirk,* 17 La. An. 25; *Myres* v. *Parker,* 6 Ohio St. 501; *Lang* v. *Pike,* 27 Ohio St. 498; *Walrath* v. *Thompson,* 6 Hill, 540; *Barns* v. *Barrow,* 61 N. Y. 39; *Sharp* v. *Bedell,* 5 Gilman, (Ill.) 88; *Phillips* v. *Wells,* 2 Sneed, (Tenn.) 153; *Cowley* v. *Davidson,* 13 Minn. 86, (92;) *Jones* v. *Schneider,* 22 Minn. 279; *Weber* v. *Clark,* 24 Minn. 354; *Bixby* v. *Wilkinson,* 25 Minn. 481.

*Robinson & Bartleson,* for respondent.

DICKINSON, J. In an action by the plaintiff's assignor, Bell, against the defendant Ferguson, property of the latter was attached. To secure a release of the property from attachment, the defendant Ferguson, as principal, with these defendants, Newell and Felt, as sureties, executed and delivered to Bell a bond whereby they obligated themselves in favor of "Newton R. Bell, the plaintiff in said action," and the condition in which was that if "said plaintiff recover judgment in said action," etc. In other respects the bond was such as the statute prescribes in such cases. The attachment was thereupon re-

v.31—29

leased. Pending that action the plaintiff therein made a statutory general assignment of his property to Slosson, this plaintiff, for the benefit of creditors, and such assignee was duly substituted as plaintiff in that action, and recovered judgment therein. He brings this action upon the bond. The sureties on the bond appeal from a judgment against them, claiming that the bond was not such as the statute prescribes; that by its terms they became obligated only to Bell, personally, and that because judgment was not rendered in favor of Bell personally, no obligation exists in favor of his assignee, who was substituted for him as plaintiff in that action.

The appellants concede that if the bond had been in conformity with the statutory requirements, it would have enured to the benefit of any person who should thereafter have become plaintiff in that action. The statute referred to (Gen. St. 1878, c. 66, § 157) authorizes the execution of a bond "to the plaintiff," conditioned that "if the plaintiff recover judgment in the action," etc. The bond is such as the statute prescribes. As is contemplated by the statute, the bond was executed personally to the plaintiff in a specified action. In that part of the statute prescribing the condition, the words "the plaintiff" refer to the same person named as obligee. In this connection the import of the words "the plaintiff" and "said plaintiff," in the bond, is the same.

But, while the obligation is in terms assumed only in favor of a particular person named, it is to be construed in connection with the existing law, pursuant to which it is made, and with regard to the objects plainly sought to be accomplished by the bond executed in compliance with the statute. The object of the statutory bond was to provide a security which, as a substitute for the property attached, should be available to the plaintiff, upon the recovery of a judgment. The law sanctioned the assignment which transferred to this plaintiff the right of action existing in favor of Bell, and contemplated that in such a case the assignee might be substituted for the assignor as plaintiff without abatement, and the action proceed to judgment. Gen. St. 1878, c. 66, § 41. The statutory security, which took the place of the attached property, went along with the action as continuing security, notwithstanding the transfer of the cause of action and

the consequent substitution of parties, by means of which the real party in interest was retained as plaintiff. Such was the purpose of the statute, and, as we must presume, of the parties who executed the bond, which we regard as strictly in accordance with the statute. The bond is, hence, to be construed as enuring to the benefit of the substituted plaintiff, although upon its face, and independent of other provisions of the law, it imports only an obligation to Bell, to become absolute only in the event of his recovery of a judgment in the action. *Bennett* v. *McGrade,* 15 Minn. 99, (132.)

Judgment affirmed.