ZECHMAN, Respondent, vs. HAAK, Appellant.

*September 5 — September 26, 1893.*

*Attachment in action pending on appeal: Validity of undertaking when writ is void.*

1. If, upon an appeal by the plaintiff from the judgment of a justice in his favor for less than $15, he does not make the affidavit entitling him to a trial *de novo*, the action, whatever it might have been before the justice, is not upon the appeal an action *ex contractu* for the recovery of money, and no writ of attachment can issue therein.

2. *It would seem* that the writ of attachment is only given in actions commenced by summons in the court out of which the writ issues.

3. An undertaking given to procure the execution of a writ of attachment is valid although the writ is void. *Shevlin v. Whelen,* 41 Wis. 88, distinguished.

APPEAL from the Circuit Court for *Dane* County.

This action is upon an undertaking executed by defendant, *William Haak*, and delivered to the proper officer, to procure the execution of a writ of attachment. The following facts appear by the uncontradicted allegations of the complaint:

An action was brought before a justice of the peace by one John M. Becker against the present plaintiff, *Elias*

Zechman vs. Haak.

*Zechman,* for the recovery of money. While the action was pending in the circuit court on appeal, Becker instituted attachment proceedings therein against the property of *Zechman.* The affidavit required by sec. 2731, S. & B. Ann. Stats., was duly made and annexed to the writ of attachment, and an undertaking in the sum of $250, required by sec. 2732, was duly executed by the present defendant, *Haak,* and delivered to the proper officer, and thereupon such officer executed the writ by seizing the property of *Zechman.* This is the undertaking in suit. Afterwards the circuit court dissolved and dismissed the writ of attachment, and rendered judgment exceeding $250 against Becker, in favor of *Zechman,* for his damages and costs in the attachment proceedings. The grounds for dissolving the attachment do not appear. Neither does it appear that the original action thus appealed to the circuit court has been disposed of. Defendant, *Haak,* answered, in substance, that Becker recovered judgment for $10 and costs in his action against *Zechman* in justice's court, and appealed from such judgment in his favor to the circuit court, and did not interpose the affidavit required by sec. 3768, R. S., to entitle him to a trial *de novo* in the circuit court. The answer contains no denial of any averment in the complaint.

A general demurrer to the answer was sustained by the court, and from the order sustaining the same the defendant appeals.

For the appellant there was a brief by *J. M. Becker* and *Lewis & Briggs,* and oral argument by *H. E. Briggs.* They contended, *inter alia,* that no action lies on the undertaking. Where the attachment is absolutely void, an undertaking given to obtain or discharge it is also void. *Shevlin v. Whelen,* 41 Wis. 88; *Billingsley v. Harris,* 79 id. 103; *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U. S. 379; *Mayor v. Cooper,* 6 Wall. 250; *Mittnacht v. Kellermann,* 105 N. Y. 461; *Vose v. Cockcroft,* 44 id. 415; *Caffrey v. Dudgeon,* 38

Zechman vs. Haak.

Ind. 512; *Benedict v. Bray*, 2 Cal. 251; *Hicks v. Mendenhall*, 17 Minn. 475; *State Treasurer v. Wells*, 27 Vt. 276. In the following cases will be found an application of the general doctrine to undertakings and bonds given in various proceedings: *Rosen v. Fischel*, 44 Conn. 371; *Perry v. Hensley*, 14 B. Mon. 474; *Tarbell v. Gray*, 4 Gray, 444; *Comm. v. Collins*, 11 id. 465; *Bridge v. Ford*, 4 Mass. 641; *Vose v. Deane*, 7 id. 280; *Learnard v. Bailey*, 111 id. 162; *Libby v. Main*, 11 Me. 344; *Green v. Haskel*, 24 id. 180; *Jordan v. McKenney*, 45 id. 306; *State v. Young*, 56 id. 219.

For the respondent there was a brief by *Bashford, O'Connor, Polleys & Aylward*, and oral argument by *T. A. Polleys*. They argued, among other things, that even if the circuit court was without jurisdiction to issue the writ of attachment, the undertaking here sued on would not be void. A bond voluntarily given as the means of securing some benefit or advantage to the obligors should be held good as a common-law bond, notwithstanding the particular proceedings in which such bond is given are void by reason of want of jurisdiction. *McLuckie v. Williams*, 68 Md. 262; *Stevenson v. Miller*, 2 Litt. (Ky.), 310; *Cotton v. Wolf*, 14 Bush (Ky.), 238, 248; *State v. Starck*, 75 Mo. 566; *Frederick v. Tiffin*, 22 Mo. App. 443; *Bowers v. Beck*, 2 Nev. 139; *Respublica v. Le Caze*, 1 Yeates (Pa.), 55, 69; *Henoch v. Chaney*, 61 Mo. 129; *Edmonds v. Morrison*, 5 Dana (Ky.), 224; *McCord v. Fisher's Heirs*, 13 B. Mon. 193; *Clay's Adm'rs v. Edward's Trustee*, 84 Ky. 548; *Jones v. Gordon*, 82 Ga. 570; *Sexton v. Hindman*, 2 Tex. Ct. App. Civ. Cas. § 462. See, also, *Burroughs v. Lowder*, 8 Mass. 373; *Brown v. Getchell*, 11 id. 11; *Pray v. Wasdell*, 146 id. 324; *Ascue v. Hollingsworth*, Cro. El. 544; *Wright v. Keyes*, 103 Pa. St. 567.

LYON, C. J. We are inclined to agree with the learned counsel for defendant that a writ of attachment issued in

an action pending in the circuit court on an appeal from the judgment of a justice of the peace is unauthorized by any statute, and hence is a nullity.

The writ of attachment is a provisional remedy in a personal action, given in certain cases to secure to the plaintiff the fruits of his judgment in the action, if he recovers judgment therein. It may be issued "either at the time of the issuing of the summons in the action, or at any time thereafter before final judgment." Sec. 2730, R. S. No authority is given to issue it at any other time or under any other circumstances than is thus prescribed in the statute. It would seem, therefore, that the writ is only given in actions commenced by summons in the court out of which the writ issues. It is very clear that the writ can only issue in actions *ex contractu* for the recovery of money. If issued in any other form of action, as in an action of tort, the attachment proceedings would be a nullity. Should it be conceded that an attachment may issue in an action *ex contractu* for the recovery of money pending in the circuit court on appeal from the judgment of a justice, when the case may be tried *de novo* on the appeal, it would not follow that the writ might properly issue in the appeal in *Becker v. Zechman*, for the issue on that appeal is whether error prejudicial to the plaintiff has intervened which will save him from being bound by the judgment of the justice, and allow him to institute another action on his original claim, which presumably is for a larger sum than he recovered. That action on appeal, therefore, is not an action *ex contractu* to recover money. In determining it the court can only affirm or reverse the judgment of the justice. R. S. secs. 3767–3769. The appeal merely performs the functions of a writ of error or *certiorari*, presenting only questions of law, and cannot properly be said to be an action *ex contractu* to recover money. It is impossible to find in the statute any author-

ity to issue a writ of attachment in such a case. It must be held, therefore, that the writ of attachment to procure the execution in which the undertaking in suit was given is a nullity.

But it does not necessarily follow that such undertaking, as against the surety therein, is also a nullity. It was voluntarily entered into by defendant for the purpose of procuring the seizure of plaintiff's property under the writ of attachment, and it accomplished that result, to the great damage and injury of plaintiff. It turns out that the writ was invalid, and so the attachment was dissolved. The giving of the undertaking by defendant caused the mischief complained of. Why should he be relieved from liability merely because the seizure of plaintiff's property he thus procured to be made was illegal? It seems to us that such illegality is an unanswerable reason why he should be held liable. The cases of *Love v. Rockwell*, 1 Wis. 382, and *Billingsley v. Harris*, 79 Wis. 103, are directly in point here. In the last of these cases it was held that " parties who sign an undertaking for the discharge of property seized by virtue of attachment are estopped in an action thereon to deny the regularity of the attachment." The decision in that case rests upon the decision in *Love v. Rockwell*, in which it was held that a party is not permitted to contradict his own recognizance of appeal after he has obtained the delay contemplated by the appeal.

Counsel for defendant, in his able argument, relies upon the case of *Shevlin v. Whelen*, 41 Wis. 88, as authority for holding the undertaking in suit void. For reasons stated by COLE, C. J., in *Billingsley v. Harris*, which need not be here repeated, *Shevlin v. Whelen* does not rule this case. It may be observed generally, however, of the case last cited, that the undertaking was given to prevent the execution of void process which ought to be avoided, while here, as in the other cases above cited, the undertaking was

given to procure the execution of void process which ought not to have been executed. In the former case the undertaking accomplished a lawful result, while in the latter it accomplished an unlawful result, to the injury of the adverse party.

Without going into any extended discussion of the numerous cases cited by counsel to sustain their respective positions, we think those cited to the proposition that the undertaking in suit is void will generally be found to be cases in which the undertakings were given to *prevent* the enforcement of void process, while in those cited to the contrary the undertakings were given to *procure* the enforcement of void process. As already observed, this case belongs to the latter class, and the surety in the undertaking in suit cannot be heard to assert the invalidity of his undertaking after it has caused the execution of void process to the injury of plaintiff.

We conclude that the undertaking is valid although the attachment is void, and hence the answer alleging the invalidity of the attachment as the sole defense to the action fails to state a defense. It follows that the demurrer to the answer was properly sustained.

*By the Court.*— Order affirmed.