# McLean *v.* Wright *et al.*

*Action to recover Damages for the Breach of an Attachment Bond.*

1. *Attachment bond; not invalid because obligors' names do not appear in the body of the bond.*—To bind parties, as obligors, when their names are signed to a bond, it is not necessary that they should also appear in the body thereof; and, therefore, an attachment bond is not rendered invalid, because the names of two of the obligors whose names are signed at the bottom of the bond do not appear in its body.

2. *Same: not invalid because of defect in affidavit.*—An attachment bond is not rendered invalid, and its obligors are not relieved from liability thereon, by reason of the fact that the affidavit upon which the writ of attachment was procured discloses no statutory grounds for the issuance of the attachment.

3. *Action upon attachment bond; sufficiency of complaint.*—In an action to recover damages for the breach of an attachment bond, where the complaint sets out the bond sued on and the affidavit upon which the writ of attachment was procured,

[McLean v. Wright *et al.*]

which discloses no statutory ground for the issuance of the attachment, and it is then averred that 'said attachment was sued out by the principal in the bond, and procured by him upon the filing of said bond and affidavit, and that the plaintiff employed counsel to defend the said attachment suit, agreeing to pay him a reasonable fee, and that a certain amount was a reasonable fee for said services which amount she claims in the suit, and then avers that said bond was breached by reason of the fact that no statutory grounds existed for the issuance of said attachment, that said attachment was wrongfully, vexatiously and maliciously sued out, and that by reason of the suing out and levying of the writ of attachment upon her stock of goods, her mercantile business was seriously injured, and she was greatly damaged, such complaint states a cause of action, and is not subject to demurrer.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. A. A. EVANS.

This action was brought by the appellant, Mrs. M. C. McLean, against W. W. Wright, and W. B. Gullatt and T. K. Whitman, who sued to recover damages for the breach of an attachment bond. The complaint, as amended, contained two counts. Under the opinion on the present appeal it is only necessary to refer to the second count. In this count the plaintiff set out the attachment bond in the body of which, only the name of W. W. Wright as obligor, appeared. This bond, however, was signed by all of the defendants. This bond was conditioned to pay to Mrs. M. C. McLean all such damages as she may sustain, by the wrongful or vexatious suing of said attachment. The complaint also set out at length the affidavit made by the defendant, Wright, to procure the issuance of a writ of atachment. This affidavit, after reciting the appearance of Wright before a justice of the peace, stated that he deposed "that Mrs. M. C. McLean is justly indebted to him in the sum of seven hundred and twenty-eight dollars, after allowing the just off sets and discounts, and that the said Mrs. M. C. McLean is now due the plaintiff seven hundred and twenty-eight dollars in notes, and that the same is not paid; and that this attachment is not sued out by him for the purpose of vexing or harrassing the

said defendant." The complaint then continued as follows: "Plaintiff further avers that said attachment was sued out by said W. W. Wright and was procured by him upon the filing of the said bond and affidavit. And she further avers that she has employed counsel to defend said attachment suit and that they did defend said suit, and agreed to pay them a reasonable fee for said services and she avers that $150.00 would be a reasonable fee for said services and she claims said amount in this suit. Plaintiff avers that the condition of said bond has been breached by the defendants in this, to-wit: (1) Because no statutory grounds existed for the the issuance of said attachment at the time of its issuance. (2) Because said attachment was wrongfully sued out. (3) Because said attachment was vexatiously sued out. (4) Because said attachment was maliciously sued out. (5) Because there was no probable cause for believing that any grounds for attachment existed at the time that said attachment was sued out.

"And plaintiff further alleges that at the time of the suing out and issuance of said attachment writ, she was doing a large and lucrative mercantile business in the town of Auburn, Alabama, and said attachment was wrongfully levied upon her whole stock of goods, and said goods thus taken from her, and her store was closed by the sheriff under said atachment whereby she was damaged as aforesaid, which damages nor any part thereof had been paid, hence she sues."

The defendants demur to the complaint upon the following grounds: (1) Because the bond sued on shows that none of the defendants were named in said bond except W. W. Wright. (2) It fails to show at whose suit said attachment was sued out. (3) It fails to show with sufficient certainty how and in what amounts plaintiff was damaged. (4) It fails to show that plaintiff did employ counsel or how much she paid or agreed to pay him or whether or not he ever rendered her any service. (5) It fails to make or give the several amounts claimed by plaintiff which go to make up the aggregate amount claimed. (6) It does not aver the falsity of the particular fact or facts stated in affidavit for ground of at-

tachment. (7) It does not show upon what ground said attachment issued or that the same was false.

The demurrers of the defendant were sustained, and the plaintiff declining to plead further, there were verdict and judgment in favor of the defendant. Plaintiff appeals and assigns as error the ruling of the court in sustaining the demurrer to the complaint.

BARNES & DUKE, for appellants.—*Grimmet v. Henderson*, 66 Ala. 521; *Painter v. Munn*, 117 Ala. 322; *Flournoy v. Lyon*, 70 Ala. 308; *Palmer v. Bullard*, 3 Stewart 326; *Kirkman v. Patton*, 19 Ala. 32; *Brown v. Tidrick*, 85 N. W. Reporter, 185.

No counsel marked as appearing for appellee.

TYSON, J.—This action is brought upon an attachment bond, and seeks to recover damages for an alleged breach of it. The complaint as originally framed contained only one count. That count was amended as was the complaint by the addition of a second count. A demurrer to both counts was sustained and, plaintiff declining to plead over, judgment was entered for defendant. Appellant's counsel in their argument only insist upon the sufficiency of the added or second count. The bond, the foundation of the suit, is set out in full as also is the affidavit upon which the writ of attachment was procured. In the body of the former only the name of the principal appears and its condition is to pay all such damages as the plaintiff in this suit may sustain by the wrongful or vexatious suing out of the attachment writ, etc.

The affidavit discloses no statutory ground existing for the issuing of the attachment. The complaint, however, avers that the atachment was procured upon the filing of the bond and affidavit and that no statutory ground existed for its issuance. It also avers the levy of the writ upon a stock of goods belonging to plaintiff, etc. to her damage, etc.

The first ground of the demurrer challenges the validity of the bond on the ground that the name of two of the defendants, who signed it, as sureties, at the bot-

tom, do not appear in its body. There is no merit in this objection.—*Grimmet v. Henderson,* 66 Ala. 521. Other grounds raise an objection to the validity of the bond on account of the defect in the affidavit pointed out above. It is true section 527 of the Code imposed the duty upon the officer before issuing the attachment in this case to require the plaintiff to make affidavit that one of the statutory grounds (§ 525 of Code) existed, but we apprehend that his failure to do so or his issuance of the writ upon an affidavit not complying with the requisitions of the statute, cannot relieve the obligors on the bond, also given as required (§ 528 of Code) as the condition to its issuance of their contractual undertaking to pay plaintiff all such damages as she may sustain by the wrongful or vexatious suing out of the attachment. Their undertaking is valid and binding although the writ may be quashed upon proper steps taken by defendant in the attachment case unless the affidavit be amended, which can be done.—§ 564 of Code. Indeed if the statute permitted no amendment of the affidavit so as to cure the defect and the writ was void this would not destroy the binding efficacy of the bond.—*Zechman v. Hoak,* 85 Wis. 656. As said in that case: "It was voluntarily entered into by defendant for the purpose of procuring the seizure of plaintiff's property under the writ of attachment and it accomplished that result, to the great damage and injury of plaintiff. * * * Why should he be relieved from liability merely because the seizure of plaintiff's property he thus procured to be made was illegal? It seems to us that such illegality is an unanswerable reason why he should be held liable." At best, the defect under our statutes, being curable by amendment, it amounts to no more than a mere irregularity of which the defendants of course cannot take advantage.—*Brown v. Tidrick,* 85 N. W. Rep. 185.

On the averments of the complaint it is entirely clear that the plaintiff is entitled to recover at least nominal damages and reasonable counsel fees alleged to have been incurred by her in defending the attachment suit, which we hold is sufficiently averred.

[Dennis v. Mobile & Montgomery Railway. Co. *et al.,*
and
Mobile & Montgomery Railway Co. *et al.* v. Dennis.]

We have examined the other grounds of the demurrer and find no merit in any of them.
Reversed and remanded.   .