(52 Misc. Rep. 217)

## COHEN v. BUDD.

(Supreme Court, Trial Term, New York County. December, 1906.)

1. BANKRUPTCY—PROPERTY SUBJECT—SEAT IN EXCHANGE.

　　A rule providing that the proceeds of a defaulting member's seat in an exchange are subject, first, to the payment of his debts to his fellow members, is valid, and not in violation of the bankruptcy law.

2. EXCHANGES—RULES.

　　Stock exchanges have the power to enact such rules for the government of their affairs as are necessary to carry out their purposes, when not contrary to the law of the land.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Exchanges, § 4.]

3. BANKRUPTCY—MEMBER OF EXCHANGE—ASSETS COLLECTED BY EXCHANGE.

　　A rule of an exchange providing that claims due to members from a defaulting member may be collected by an exchange and applied to debts due other members is invalid, as in violation of the bankruptcy law; and where, within the four-months period a stock exchange, of which a bankrupt was a suspended member, collected the balance due from the members to the bankrupt and distributed it among the creditors of the bankrupt, who were members of the exchange, and no claim was made to the fund by the trustee in bankruptcy until it had passed into the hands of the creditors with the approval of the bankrupt, only the creditors who received the fund are liable to the trustee, but he can recover from the exchange any amount not distributed in its hands as part of the bankrupt's estate.

Action by J. Quintus Cohen against Ogden D. Budd, as president of the Consolidated Stock & Petroleum Exchange.

Michel Kirtland, for plaintiff.
Sullivan & Cromwell, for defendant.

O'GORMAN, J. The bankrupt, Lee, was a broker on the Consolidated Stock & Petroleum Exchange of New York. On May 9, 1901, he committed an act of bankruptcy by making a general assignment for the benefit of his creditors, and within four months thereafter, to wit, on August 27, 1901, a petition in bankruptcy was duly filed. Soon after the making of the general assignment, and before the institution of the bankruptcy proceeding, the defendant exchange, claiming to act under its rules and regulations, collected from various members thereof certain sums of money, aggregating $13,287.09, being the balance due by them to Lee on stock transactions on the defendant's and other exchanges, which moneys, except $258.01 used for expenses and $164.42 still retained, the defendant distributed among the creditors of Lee who were members of the exchange. The trustee in bankruptcy now sues the exchange to recover the moneys so collected.

The doctrine has been well established in this country, since the case of Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264, that a rule providing that the proceeds of a defaulting member's seat are subject, first, to the payment of his debts to his fellow members, is valid, and not in

violation of the bankrupt act. In that case the court held that the seat of a member is a species of property over which the member cannot exercise an unqualified property right, because his membership is subject to the terms and conditions prescribed in the rules and regulations of the exchange, which became an incident of the property right in the seat when created.

The defendant claims that the principle of the case cited would sanction a rule providing that claims due from members to a defaulting member may be collected by the exchange and applied to debts due other members, upon the theory that the rights of general creditors must be deemed subordinate to the restrictions imposed upon a member as a condition of acquiring membership. I do not think the contention is sound. Such a rule would practically take the estate of an exchange member out of the bankruptcy law. Even if such a rule were enforceable, its application could in no event be extended to transactions arising upon other exchanges. Concededly, a portion of the fund in dispute resulted from transactions upon other exchanges, and to that extent, at least, the rule is clearly opposed to public policy. Stock exchanges have the power to enact such rules and regulations concerning the government of their affairs as may be necessary to carry out their purposes, but such rules and regulations must not be contrary to the law of the land.

Apart, however, from the invalidity of the rule itself, it is not effectual for any purpose in this case. It was not adopted until June 6, 1901. Lee failed on May 9, 1901, and was suspended as a member on May 10, 1901. The rights of all the parties became fixed at that time, and could not be modified by subsequent amendment. Weston v. Ives, 97 N. Y. 222. A careful examination of the rules in force on May 10, 1901, discloses none that confers authority to collect and distribute this fund. This, however, does not necessarily expose the defendant to liability for the moneys distributed. As to these moneys the defendant was but a mere conduit. No claim was made on behalf of the plaintiff until after the money had passed into the hands of the creditors. Notwithstanding the absence of an appropriate or binding rule, it appears that Lee and the general assignee approved, if not expressly authorized, the collection and distribution, and in such a case the creditors who received it, and thereby acquired a preference, alone are liable to the trustee in bankruptcy. Nicholson v. Gooch, 5 El. & Bl. 999; Hyde v. Woods, supra.

As to the money still in the hands of the defendant, this is property belonging to the bankrupt's estate, and the plaintiff is entitled to judgment therefor.

Judgment accordingly.