No. 3128.—HENRY SAFFORD *v.* THOMAS L. MAXWELL, Sheriff, and M. F. SOLDINI.

A seizure of a judgment or a suit may be made by the sheriff under a writ of *fieri facias* without resorting to the circuitous process of garnishment. C. P. 642. The act of 1839, authorizing the garnishment process in certain cases, is only cumulative, and does not interfere with or supersede the regular process of seizure and sale of incorporeal rights under a writ of *fieri facias*. A writ of injunction will not therefore lie to restrain the sheriff from selling a judgment that has been seized under a writ of *fieri facias* on the ground that the judgment which has been seized has not been signed by the judge; nor will it lie because an appeal has been taken from the judgment which has been seized. The sale of the interest of a party in a judgment may be made as well at public auction, under the seizure, as by private conventional agreement of the parties.

APPEAL from the Eighth District Court, parish of Orleans. *C. M. Emerson*, Judge of the Third District Court, sitting in place of H. C. Dibble, Judge of the Eighth District Court, absent. *Randolph, Singleton & Brown*, for plaintiff and appellee. *F. Fuselier*, for defendant and appellant.

WYLY, J. Under a writ of *fieri facias*, issued by the District Court of the parish of Natchitoches, in the case of Marie Félicie Soldini *v.* Henry Safford, the sheriff of the parish of Orleans seized on the twenty-fourth of June, 1870, "a certain judgment rendered by the

44

Fourth District Court for the parish of Orleans, in favor of Henry Safford against Daniel R. Carroll, on the sixteenth of June, instant, in the suit entitled 'Henry Safford v. D. R. Carroll,' being No. 22,395 of the docket of said court; the said judgment being for the sum of two thousand and five hundred dollars, with eight per cent per annum interest from the first of January, 1869; together with all the right, title, claim, interest of said Henry Safford in and to the aforementioned suit No. 22,395." The seizure was duly notified by notices served on Safford, D. R. Carroll and the clerk of the Fourth District Court.

The sheriff having proceeded to advertise the property for sale, the seized debtor, Henry Safford, sued out and obtained, from the Eighth District Court an injunction, which was made perpetual by a judgment from which this appeal is taken.

The plaintiff contends that the seizure which he enjoins was illegal on the following grounds, to wit: That the judgment, not having been signed, was imperfect, and, as a judgment, was not the subject of seizure; that the pretended seizure was made on or before the twenty-fourth June, whereas the judgment was not signed till June twenty-seventh; and that, after signing, the defendant, Carroll, took a suspensive appeal, which is yet pending; that a judgment, thus suspended by appeal, is but an incorporeal right, in the nature of a *claim* of debt, and can not be seized under *fieri facias*, except by process of garnishment, and by propounding interrogatories to the judgment debtor, and then awaiting the decision of the Supreme Court; after which, should the judgment be sustained, the plaintiff (in *fieri facias*) would have the right, by virtue of the garnishment, to collect such part thereof as would pay his debt; that the judgment, in its present condition, can not be sold, because no fair or intelligent appraisement can be made, inasmuch as it depends upon the decision of the Supreme Court whether the claim has any value whatever. It is also averred, that as a seizure of an interest in a suit, it is void for vagueness, and that the only mode of seizure of such interest is by process of garnishment, as aforesaid.

We are unable to agree with the counsel of the plaintiff and with the learned judge who tried the case below, that the seizure of the suit and judgment complained of was illegal, and the only way by which a suit or judgment from which an appeal has been taken can be seized is by garnishment process under the act of the twentieth of March, 1839.

That remedy is merely cumulative. Under article 647 of the Code of Practice "the sheriff may seize the rights and credits which belong to the debtor and all sums of money which may be due him in whatever right, unless it be for alimony or salaries of office."

In Righter v. Slidell, 9 An. 605, and Hanna v. Bry, 5 An. 656, it was

held that the statute of the twentieth of March, 1839, giving an auxiliary and cumulative remedy to the judgment creditor produced no change in articles 642 and 647 of the Code of Practice, and " that the proper mode of seizing a debt existing in the form of a judgment is a notification of seizure by the sheriff to the judgment debtor."

In our opinion, it makes no difference whether the judgment has been completed by the signature of the judge, or whether an appeal has been taken; in either case the suit and the judgment can be seized under a *fieri facias* by the sheriff by service of the notice of seizure on the plaintiff and defendant in the seized judgment or suit.

There is no reason why a suit may not be seized as well as a judgment under a writ of *fieri facias*, both being incorporeal rights; and we see no reason why the transfer may not as well be made at forced sale as at a conventional sale

We see no reason to compel a judgment creditor to resort to the delay of the garnishment process in order to ascertain a credit belonging to his debtor, when evidence of that incorporeal right appears on the public records in the form of a judgment or suit. The object of the garnishment process provided by the act of the twentieth of March, 1839, was to enable a judgment creditor to reach the property, rights or credits of his debtor in the hands of third parties, the extent of which might be ascertained by the answers of the garnishee.

We think the property was properly seized in the case before us, and that the court below erred in perpetuating the injunction.

It is therefore ordered that the judgment appealed from be reversed and annulled, and that the injunction herein be dissolved. It is further ordered that the defendant, M. F. Soldini, recover judgment against the plaintiff and the surety on his injunction bond, *in solido*, in the sum of two thousand dollars damages and all costs.