WILLIAM HENRY *vs.* JOHN TRAYNOR and another.

December 26, 1889.

**Levy on Judgment.**—A judgment for the recovery of money is, by our statute, subject to levy under execution.

**Same.—Payment to Judgment Creditor after Notice.**—Such a judgment having been levied upon, and notice given to the judgment debtor, payment may be enforced to satisfy the execution, although the debtor may have voluntarily paid the judgment creditor subsequent to the levy and notice.

**Same—Motion to Vacate Satisfaction.**—Such payment having been made, and the judgment satisfied of record by the creditor, the sheriff holding the execution may, upon motion, have the satisfaction cancelled and set aside as an obstruction to the enforcement of his writ.

**Same—Execution to Enforce Collection.**—Execution may be issued to a sheriff who has thus levied upon a money judgment, in order that he may collect the same.

**Same—Attorney's Lien.**—An attorney's lien upon a judgment is superior to the claim of a creditor in whose favor execution has been levied.

Appeal by Theodore Weiland, sheriff of Scott county, from orders made by *Edson,* J.; in the district court of that county in the above-entitled action, which are stated in the opinion.

*Chas. G. Hinds,* for appellant.

*R. A. & F. C. Irwin* and *H. J. Peck,* for respondent.

DICKINSON, J. This is an appeal from an order refusing a motion made by the sheriff of Scott county for (1) vacating and setting aside a satisfaction of the judgment against the defendants in the above-entitled action; (2) setting aside an execution issued thereon on the

28th of January, 1889, and delivered to the deputy-sheriff for collection; and (3) that an execution issue to the sheriff for the enforcement of such judgment. One Hinds having recovered judgment against this plaintiff Henry,—the judgment creditor of the defendants,—execution was issued to the sheriff, and he levied upon the judgment in favor of Henry, December 19, 1888, serving a certified copy of the execution, with a notice of the levy, upon the judgment debtors, Traynor and Bowler. Like notice was served upon the judgment creditor, Henry. January 28, 1889, execution was procured by Henry's attorneys to be issued upon the judgment in his favor, which execution was delivered to the deputy-sheriff, but has never been returned, nor was the judgment ever collected under it. However, on the 18th of February, Henry executed a formal satisfaction of his judgment, and thereafter this satisfaction was entered of record; the judgment having been paid, as it appears, by Bowler to Henry on or about that date. In the mean time the execution in the hands of the sheriff, issued December 19, 1888, was renewed and kept in force in the manner prescribed by statute. Henry's attorneys claimed an attorney's lien for $45 upon the judgment in question, and served a notice of the same upon the judgment debtors, January 19, 1889.

Our statute, (Gen. St. 1878, c. 66, § 300,) modifying the common law, specifies, among the classes of property which are made subject to levy under execution, "bills, notes, book-accounts, debts, credits, and all other evidences of indebtedness." The language of the statute is such as to include judgments for the recovery of money, and we think that this must be deemed to be its effect. Safford v. Maxwell, 23 La. Ann. 345; Freem. Ex'ns, § 112. In California, after some doubts expressed upon the subject, it was finally decided that a judgment was not subject to levy under execution, for the reason that it is but the evidence of a debt, and the statute, while making provision for levying upon debts, had not done so as to evidences of debt. Dore v. Dougherty, 72 Cal. 232, (13 Pac. Rep. 621;) and see McBride v. Fallon, 65 Cal. 301, (4 Pac. Rep. 17.) Without commenting upon that decision, we remark that the reason assigned for holding a judgment not subject to levy in that state does not exist under our statute. Other provisions of our statute lend some force to the conclu-

sion that the language above recited was intended to include judgments. Section 283 of the same chapter declares that the assignment of a judgment shall be void as against creditors levying upon or attaching the same unless the assignment be filed as prescribed. Section 313 expressly exempts judgments, recovered for the seizure of exempt property, from attachment, *execution*, or other proceeding, etc. We see no reason upon grounds of expediency which should suggest that the legislature did not intend to include judgments in the language employed. The writ is to be executed by "collecting the things in action, or selling the same, if the court so orders." This would include a judgment levied upon, (*Thompson* v. *Sutton*, 23 Minn. 50,) and there is no reason to suppose that a judgment would be thus sacrificed. On the contrary, it is presumably to be made to yield its full value by being collected, unless for good reasons the court may direct it to be sold.

The judgment having been legally levied upon, the debtor paying the same to his judgment creditor, Henry, after notice of such levy, did so at his peril. This must be deemed to have been a voluntary payment. The sheriff who had levied upon the judgment was authorized to collect it, and for this purpose, doubtless, might take out an execution, for that is the proper manner of enforcing judgments. The satisfaction of the judgment by the judgment creditor being an obstruction to the performance of this duty by the sheriff, it was proper for him to apply to have the satisfaction set aside, as he has done by this motion. The outstanding execution in the hands of the deputy-sheriff does not prejudice the sheriff's application. It was never enforced, the judgment having been paid directly by the debtor to Henry, the creditor, except as to the amount claimed as an attorneys' lien, which was paid to the attorneys, who subsequently satisfied their claim of lien of record.

The proof, upon this motion, of the existence of a lien was perhaps defective, essential facts being left to be inferred; but, as no point is made on that ground, we assume that an indebtedness of $45 existed, and that the attorneys of Henry were entitled to be paid that sum out of the proceeds of the judgment. That was paid by the debtors subsequent to the levy, and they were exonerated *pro tanto*, un-

less the levy upon the judgment gave to the execution creditor a right superior to that of the attorneys. Our statute, regulating the equitable right known as an "attorney's lien," prescribes that an attorney shall have a lien: "* * * *Fourth.* Upon a judgment, to the extent of the costs included therein, or, if there is a special agreement, to the extent of the compensation specially agreed on, from the time of giving notice to the party against whom the judgment is recovered." If it were not for this last clause, respecting notice, there could be no doubt that the attorney's lien on the judgment would be superior to the claim of the execution creditor levying upon the same. The latter would acquire by the levy no greater right than Henry himself had, and that was subject to the attorneys' right of lien. *Weed Sewing-Machine Co.* v. *Boutelle,* 56 Vt. 570; *Damron* v. *Robertson,* 12 Lea, 372; *Williams* v. *Ingersoll,* 89 N. Y. 508. But the statutory clause respecting notice was not intended to affect attaching creditors of the judgment creditor. No notice, actual or constructive, is provided with respect to them. They are presumed to have known that in equity and under the statute the attorneys were entitled to a lien to a greater or less extent upon the judgment, and a levy by creditors is subordinate to that right. The notice specified was doubtless intended to regulate the conduct of and to protect the judgment debtor. In the payment of a judgment in good faith the debtor is protected. He is thus discharged from further liability. But, in order that the attorney of the judgment creditor may secure his proper share of the proceeds of the judgment, he may notify the debtor of his lien, and thereafter the debtor must recognize the rights of the attorney in respect to the judgment. The defendants were justified in paying the amount for which the attorneys were entitled to a lien, although no notice had been served upon them when the judgment was levied upon. As to the remainder of the judgment, paid to Henry after the levy, their obligation was not discharged. They paid voluntarily, knowing that they had no legal right so to do, and payment may be again enforced by execution to the sheriff, who by virtue of his levy is empowered to collect the judgment.

The order appealed from will be modified. The satisfaction of the judgment will be vacated, except as to the sum of $45, and for the

remainder of the judgment execution should be issued to the sheriff in accordance with his petition. The case will be remitted to the district court, where this modification will be carried into effect.