# FINNISH PEOPLE'S HOME COMPANY v. LONGYEAR-MESABA LAND & IRON COMPANY and Others.[1]

April 26, 1912.

Nos. 17,517—(60).

**Vacating fraudulent satisfaction of judgment.**
>      The trial court, under the facts in this case, had power to set aside on motion a false or fraudulent satisfaction of a judgment rendered by it.

**Exclusion of evidence.**
>      There were no errors in excluding evidence offered by plaintiff on the hearing.

Appeal by plaintiff from an order of the district court for St. Louis county, Cant, J., granting a motion to strike from the files and records a pretended satisfaction of judgment and reinstating the judgment. Affirmed.

*John A. Keyes* and *J. W. Reynolds,* for appellant.
*Wm. E. Culkin* and *John E. Samuelson,* for respondent.

BUNN, J.
This is an appeal by plaintiff from an order striking from the files and records a pretended satisfaction of a judgment entered in the action in favor of defendant Laansi Toivo, and against plaintiff, and reinstating the judgment. The material facts are as follows:

In April, 1906, a number of Finnish people residing in and near Aurora, St. Louis county, attempted to form a corporation pursuant to chapter 58, R. L. 1905, under the corporate name of Laansi Toivo, for the purpose of promoting moral, educational, and reformatory purposes and temperance. There was no corporation de jure, because of failure to file articles in the office of the secretary of state; but there was clearly a corporation de facto, the society holding regular meetings until about January 1, 1909. September 12, 1906,

[1] Reported in 135 N. W. 990.

defendant Longyear-Mesaba Land & Iron Company conveyed to defendant Laansi Toivo a lot in Aurora, and the society erected a building thereon for its purposes.   Prior to December, 1908, factional differences arose among the members of the society.   At a meeting held December 27, 1908, one of the factions secured control.   The officers then elected pretended to authorize the president and secretary to convey the lot to plaintiff, a corporation organized prior thereto.   The conveyance was made, plaintiff took possession of the property, and afterwards brought this action to determine adverse claims thereto.

Defendant Laansi Toivo and defendant Laansi Toivo Temperance Society answered, and the trial resulted in a decision that the faction of the society that had been excluded at the meeting of December 27, 1909, was the genuine Laansi Toivo, that the pretended conveyance to plaintiff was void, and that Laansi Toivo was the owner of the property free and clear of any claims of plaintiff, or of any other of defendants, and that it should have judgment for the possession thereof and for costs.   On May 2, 1911, judgment was entered pursuant to this decision; the costs amounting to $301.02.

On May 25, 1911, there was filed a satisfaction of the judgment, which purported to be executed by Laansi Toivo, through its president and secretary, by authority from its board of trustees.   This recited that the judgment for costs was paid and satisfied in full, authorized the clerk of court to satisfy and discharge the same of record, and stated that "the premises may remain in the possession of the said plaintiff."   The motion to set aside this satisfaction was made on affidavits tending to show that it was executed by the faction that the decision held did not constitute Laansi Toivo.   Opposing affidavits were presented, and the motion was heard on these affidavits, and also on oral evidence received over plaintiff's objection. The evidence showed clearly that the only issue presented was the same issue that had been tried and decided in the action; that is, which was the true Laansi Toivo, the faction which had attempted to convey the property to plaintiff and which had authorized the

satisfaction, or the faction that had been expelled from the meeting of December 27, 1908.

The contentions of plaintiff on this appeal, though vigorously presented, are without merit. It is argued that the court had no jurisdiction to hear and determine the questions involved upon motion, but only in an action. The authorities cited clearly have no application to a case like this. There had been a full trial, and the motion was made, in the case tried, to set aside a pretended satisfaction of the judgment entered. Clearly there was inherent power in the court to enforce its judgment, and to set aside on motion a false or fraudulent satisfaction, which on its face rendered nugatory the decree which the court had rendered. No rights had intervened after the judgment, and no issues arose on the motion, other than those that had been tried and determined in the action. It was within the discretion of the court to receive oral testimony on the hearing.

Plaintiff's main contention is that the trial court erred in rejecting evidence offered to show who constituted Laansi Toivo. As before stated, it appears conclusively from the decision that this question was the very question tried and decided in the action. Notwithstanding plaintiff's repeated assertions that the court did not decide this question, it is very clear to us that it was not only decided but was the vital and only question in the case. The court was certainly not bound to retry and redetermine this question on this motion. The only question for decision on the hearing of the motion was as to which faction executed the satisfaction. As it was clear that it was not the faction that had been held in the action to be the real Laansi Toivo, the order setting aside the satisfaction was clearly right.

Order affirmed.