# E. W. WAGNER v. FARMERS CO-OPERATIVE EXCHANGE COMPANY OF GOOD THUNDER AND ANOTHER.[1]

December 17, 1920.

No. 22,059.

**Release from attachment—jurisdiction over nonresident defendant who gives bond.**

1. A nonresident defendant, by giving a bond to procure the release of certain articles attached, does not thereby appear generally, so as to give the court jurisdiction to enter a personal judgment against him, except to the extent that satisfaction thereof may be had from the bond standing as a substitute for the articles released.

**Enforcement of judgment—interference by another court.**

2. The district court of one county may not interfere with process issued to enforce a judgment in an action in the district court of another county in the state, unless on the face of the record the judgment is void. Irregularities that make a judgment voidable merely, can be taken advantage of only in the court where the judgment was rendered.

**No abandonment of action by delay in service of summons.**

3. The action, wherein the judgment now sought to be attacked was rendered, was already begun, under the purview of section 7707, G. S. 1913, when the attachment therein was levied. Neither the attachment nor the action was, as a matter of law, abandoned by the delay in the service of the summons.

**Attachment—membership of nonresident in chamber of commerce.**

4. The membership of a nonresident in the chamber of commerce of Minneapolis is property that may be attached, so as to give the court jurisdiction, when followed by the service of summons as prescribed by statute, to enter a judgment against such nonresident, valid insofar as it may be satisfied out of the membership attached.

**Levy of execution upon property attached—seat in chamber not a tool of trade.**

5. The levying of an execution upon the property attached, both writs issuing in the same action, is not an interference with property in cus-

[1]Reported in 180 N. W. 231.

todia legis.  A nonresident owner of a membership in the chamber of commerce of Minneapolis cannot claim the membership exempt as a tool of his trade.

Action in the district court for Hennepin county to restrain defendants from selling plaintiff's membership in the Minneapolis Chamber of Commerce and to vacate a levy thereon under writ of execution.  Plaintiff obtained a restraining order requiring defendants to show cause why they should not be restrained from taking further action with relation to the levy of execution, notice of sale and sale of plaintiff's membership in said chamber of commerce during the pendency of the suit. From an order, Steele, J., granting a temporary injunction, defendants appealed.  Reversed.

*Ivan Bowen, LeRoy Bowen* and *S. B. Wilson,* for appellants.

*Chester A. Legg* and *Jamison, Swan, Stinchfield & Mackall,* for respondent.

HOLT, J.

The appeal is from an order temporarily enjoining a sale of a membership of plaintiff in the Minneapolis Chamber of Commerce under an execution upon a money judgment against him, entered in the district court of Blue Earth county in favor of the appellant.

Plaintiff is a resident of Chicago, Illinois.  He holds a membership in the Minneapolis Chamber of Commerce.  A firm, composed of plaintiff and one Ernest Tietgens as partners, has for a number of years conducted a business upon the floor of the chamber in virtue of the right and privilege granted by plaintiff's membership.  The firm also had an agent, L. R. Nutting, doing business for it at Mankato.  The appellant, the Farmers Co-operative Exchange Company of Good Thunder, Minnesota, has during said time been a Minnesota corporation having its principal place of business in Blue Earth county, where, at the village of Good Thunder, it dealt in grains and farm products through its agent or manager, Emil Rosnow.

On April 26, 1919, there were issued and delivered to the sheriff of Blue Earth county the summons and complaint in an action brought in the district court of Blue Earth county, Minnesota, by this appellant,

The Farmers Co-operative Exchange Company of Good Thunder, as plaintiff, against E. W. Wagner & Company, E. W. Wagner, Ernest Tietgen, L. R. Nutting and Emil Rosnow as defendants. The action was to recover for money and property, belonging to the plaintiff therein, which by means of alleged unlawful dealings or gambling transactions had come into the hands or control of the defendants. On May 8 a writ of attachment issued on the ground that the indebtedness claimed was fraudulently contracted and that the defendants, other than Rosnow, were nonresidents of this state. The writ was issued to the sheriff of Hennepin county, and he levied the same upon some office furniture in the chamber of commerce and upon a membership belonging to defendants or either of them in said chamber. A few days later E. W. Wagner & Company filed a $350 bond for the release of the office furniture attached, and it was released by order of court. After the levy upon the membership, the sheriff requested that the chamber of commerce furnish him with a certificate pursuant to section 4301, R. L. 1905, to which the response was that it had no property of defendants in its possession or control. Late in December the court evidently required the chamber of commerce to make a sworn return or certificate. This disclosed the membership standing in the name of E. W. Wagner. Thereupon the court made an order directing the chamber to retain the possession and control thereof pending the further order or disposition of the court. On December 29, 1919, the sheriff of Blue Earth county made a return on the summons that after due and diligent search the defendants, other than Rosnow, could not be found, and on the same day affidavit of nonresidency of defendants was made as provided by section 7737, G. S. 1913, and on December 31, 1919, the summons and complaint were served on the defendant E. W. Wagner at Chicago, Illinois, by handing true copies thereof to him personally. Wagner defaulted, damages were assessed by a jury, a judgment was entered against him on February 13, 1920, for $18,528.13, which, on June 5, was docketed in Hennepin county, and on the same day execution thereon was issued and delivered to the sheriff of Hennepin county, by virtue of which he levied upon this membership of E. W. Wagner in The Minneapolis Chamber of Commerce and duly gave notice that it would be

sold at public auction. Thereupon E. W. Wagner brought this action in the district court of Hennepin county against the judgment creditor, The Farmers Co-operative Exchange Company, and the sheriff of Hennepin county to enjoin the sale and vacate the levy upon the membership. The company answered, setting up all the steps taken as hereinbefore recited, and claiming a valid judgment, to the payment of which the membership might be appropriated. It also made a proper demand for a change of venue to Blue Earth county.

We cannot sustain appellant's contention that respondent, as a defendant in the Blue Earth county case, made a general appearance when his firm filed the bond of $350 to obtain the release of the office furniture from the attachment. It is clear that appellant did not so understand, for it proceeded thereafter to serve the summons on respondent. The bond was a mere substitute for the office furniture (Slosson v. Ferguson, 31 Minn. 448, 18 N. W. 281), and the giving thereof conferred no jurisdiction over the nonresident defendants beyond the value of the property released.

Appellant further maintains that the district court of Hennepin county is without authority to interfere with process issued by the district court of another county. Respondent concedes that the action cannot be prosecuted in Hennepin county, unless the judgment in Blue Earth county is void on the face of the record. Irregularities in the action, which make the judgment voidable merely, can be taken advantage of only in the district court of this state rendering the judgment. No practice could tolerate an attack by a district court of one county in the state upon a judgment rendered in the district court of another county. The reasoning in State v. District Court of Chippewa County, 85 Minn. 283, 88 N. W. 755, seems to be in point. It is also decisive of the right of appellant to have the cause removed, since the sheriff was a mere nominal party.

Was the district court of Blue Earth county without jurisdiction as to the membership of respondent, and does that appear on the face of the record? In the complaint herein it is alleged that on May 8, 1919, appellant obtained a writ of attachment in the Blue Earth county case directing the sheriff of Hennepin county to attach all the property of

defendants in said county, not exempt from execution, sufficient to satisfy the demand of $17,820.42, and that thereafter, on the ninth day of May and again on the twelfth of May, 1919, said sheriff pursuant to said writ of attachment did levy upon the membership standing in the name of the plaintiff. "That the said sheriff did any and all acts permitted by the statutes of the state of Minnesota, and the practice incident thereto, to accomplish said levy of attachment upon the membership of this plaintiff. That said writ of attachment and said levies thereunder have been, since said time, and are now in full force and effect, having never been dissolved or vacated."

Respondent being a nonresident defendant in the action the jurisdiction was limited to the property lawfully attached and held until the entry of judgment. As to such property, the above allegations of the complaint concede it was duly seized by the court. Of course, no judgment could be entered until after service of summons. Barber v. Morris, 37 Minn. 194, 33 N. W. 559, 5 Am. St. 836. The claim is now made by respondent that since the summons was not served within 60 days after the writ was levied the court lost jurisdiction. G. S. 1913, § 7845, provides that, "at the time of issuing the summons" or at any time thereafter, a plaintiff may have the assistance of the writ, then adds: "The action must be begun as prescribed in § 7707 not later than 60 days after issuance of the writ." That the action was already begun when the writ issued, within the purview of section 7707, is so clearly determined by Bond v. Pennsylvania R. Co. 124 Minn. 195, 144 N. W. 942, and McCormick v. Robinson, 139 Minn. 483, 167 N. W. 271, that no further comment is needed. In the last case cited it was said "that the plaintiff must proceed with reasonable diligence to effect service within a reasonable time" after the summons has been delivered to the officer for service. The action in the district court of Blue Earth county was pending from the time the summons was delivered to the sheriff therein, on April 26, 1919, until the service was actually made as stated. If it be assumed that the delay was unreasonable and the order of the court, that the chamber of commerce retain the membership, was improper, we do not think thereby the court was ousted of jurisdiction. At most the delay and irregularity might afford the defendant

therein, this respondent, some ground for a special appearance in the case to move to release the levy or set aside the service of the summons. Whatever remedy was open to him because of improper procedure could be had only in that action.    Section 7857, G. S. 1913, seems to contemplate that an abandonment of an action in which an attachment has been made use of is not to be readily assumed, for it provides that where it appears "that no proceeding has been taken in the action within the preceding three years" the ancillary attachment may be dissolved on the ground that the action has been abandoned.

But respondent asserts that membership in the chamber of commerce is not attachable.    If that be true the court never acquired jurisdiction to hold this membership for any purpose whatever, and the judgment entered would be absolutely void, save only as to the amount that could be made out of the office furniture or its substitute, the bond mentioned. We are well aware of decisions holding a seat on a stock exchange, a body similar to the chamber of commerce, not subject to sale under a common writ of execution.    Pancoast v. Gowen, 93 Pa. 66; Lowenberg v. Greenbaum, 99 Cal. 162, 33 Pac. 794, 21 L.R.A. 399, 37 Am. St. 42; Barclay v. Smith, 107 Ill. 349, 47 Am. Rep. 437, also 10 R. C. L. p. 1209.    Nevertheless, we reach the conclusion that such a seat or membership may be attached and appropriated to the payment of the owner's debts.

The membership is more than a privilege.    It is personal property. It is transferable by the member during his lifetime, and descends after his death to his representative.    It may be burdened by restrictions, but it is nevertheless valuable property, the membership in this instance having a market value upwards of $7,000.    It may be reached by creditors' bill or by proceedings supplementary to execution.    Powell v. Waldron, 89 N. Y. 328, 42 Am. Rep. 301; Habenicht v. Lissak, 78 Cal. 351, 20 Pac. 874, 5 L.R.A. 713, 12 Am. St. 63.    It is an asset in bankruptcy and passes to the trustee. State v. Chamber of Commerce, 77 Minn. 308, 79 N. W. 1026; O'Dell v. Boyden, 150 Fed. 731, 80 C. C. A. 397, 10 Ann. Cas. 239; In re Gregory, 174 Fed. 629, 98 C. C. A. 383, annotated in 27 L.R.A.(N.S.) 616; Page v. Edmunds, 187 U. S. 596, 23 Sup. Ct. 200, 47 L. ed. 318.    It is taxable as personal property.    State

v. McPhail, 124 Minn. 398, 145 N. W. 108, 50 L.R.A.(N.S.) 255, Ann. Cas. 1915C, 538.

With all the foregoing characteristics and attributes of tangible property, no good reason suggests itself why it should not be reached by ordinary process such as attachment and execution. G. S. 1913, § 7930, provides: "All property real and personal * * * may be levied upon and sold on execution." Nearly all courts that have spoken on the subject are in accord that such a membership may be reached by creditors' bill or in proceedings supplementary to execution, the court being empowered to compel the judgment debtor, the owner of the membership, to transfer it to a receiver. A sale on execution may accomplish the same thing. It passes the owner's title. No rights or equities of the other members of the chamber are affected. The one in whom the title vests takes it subject to the reasonable regulation and restrictions of the chamber. To say that a resident creditor has no way of attaching such membership when owned by a nonresident, but when owned by a resident it may be reached after judgment, would be to discriminate in favor of the nonresident debtor. If courts possess the power to appropriate memberships in stock exchanges or chambers of commerce of this state in satisfaction of the debts of resident owners, the same power should exist as to nonresident owners. In the instant case, we think the attachment with the subsequent service of the summons gave the court jurisdiction to enter a personal judgment against E. W. Wagner valid to the full extent that it may be paid out of his membership levied upon. It was intimated or assumed in State v. Chamber of Commerce, supra, that the title of the owner of such a membership could be divested by execution sale. It is not necessary now to determine whether the court in which the judgment was rendered should have issued special execution, or whether there should be further orders or proceedings in aid of the execution. Those are matters for the court in which the action originated. We hold the record shows jurisdiction acquired by the district court of Blue Earth county of the respondent to the extent of the membership attached, and to enter and enforce a judgment accordingly. The district court of Hennepin county erred when it retained jurisdiction and sought to interfere with the process of the former court.

Other claims by which respondent seeks to sustain the action of the court below do not merit extended discussion. An attachment is made for the purpose of holding the property until an execution may be levied thereon. The execution does not interfere with property in custodia legis. Both writs are in one and the same action and supplement each other to give adequate relief to the party intended. Hencke v. Twomey, 58 Minn. 550, 60 N. W. 667. That a prosperous business will be broken up if a creditor is permitted to enforce his claim out of a debtor's unexempt property, is no legal excuse for denying the creditor the remedy the law gives him. E. W. Wagner being a nonresident is not entitled to claim his membership as a tool of his trade, even were it granted that a resident might so do.

The order is reversed.