JOYCE VIRGINIA JENSEN AND OTHERS v. FRANK MURRAY, ALSO KNOWN AS FRANCIS L. MURRAY. LUCILLE C. MURRAY AND ANOTHER, RESPONDENTS.

85 N. W. (2d) 825.

November 1, 1957—No. 37,185.

V. J. *Hermel* and *Harry H. Peterson,* for appellants.

*Van Valkenburg, Blaisdell & Moss* and *Maloney, Carroll & Olson,* for respondents.

MATSON, JUSTICE.

Appeal from an order of the Hennepin County District Court denying "at this time" appellants' motion for the vacation and nullification of the sale of a $5,872.26 Hennepin County judgment sold pursuant to an execution issued by the Carver County District Court to collect an $89.05 judgment entered by the latter court in a Carver County action and further denying appellants' motion to cancel and vacate the satisfaction of the Hennepin County judgment executed and filed by the respondents after their purchase of such judgment, which order of denial, on the other hand, granted respondents' countermotion to discharge the order to show cause why the court should not grant the vacation and annulment of said execution sale and judgment satisfaction.

As a factual basis for a proper consideration of the trial court's denial of appellants' motion, it is not to be overlooked that we are concerned with two separate actions, one of which was tried and carried to judgment in the District Court of Hennepin County and the other carried to judgment in the District Court of Carver County. Appellants, as plaintiffs in the Hennepin County action, obtained in February 1954 a judgment for $5,872.26 against Frank Murray.[1] Nearly two years later, in a separate and independent action in Carver County, Lucille Murray and Bernard Murray, respondents herein and wife and brother respectively of Frank Murray, obtained a judgment for $89.05 against the appellants. The Carver County judgment was transcribed and docketed in Hennepin County and shortly thereafter the Carver County District Court issued an execution directing the sheriff of Hennepin County to levy on the interest of the appellants in the original Hennepin

---

[1]Also known as Francis L. Murray.

judgment for $5,872.26. In obedience to the writ of execution issued in the Carver County action, the sheriff sold the Hennepin County judgment to respondents, Lucille and Bernard, for $95.92 in full satisfaction of the *Carver County execution*. After having thus acquired title to the Hennepin County judgment by execution sale purchase, Lucille and Bernard filed in Hennepin County a satisfaction of the Hennepin County judgment against Frank.

Appellants, after having discovered that by virtue of the foregoing proceedings they had lost of record their interest in the $5,872.26 judgment, made a motion in the *Hennepin County action and court* against Frank Murray, the judgment debtor, to have the execution sale and also the satisfaction of judgment set aside and annulled or canceled on the grounds that (1) the execution sale was not authorized by prior order of the court as required by M. S. A. 550.08; (2) It was procured by fraud; and (3) it was otherwise fraudulently conducted in violation of law. Notice of the motion was served on Frank Murray who made no appearance or answer in opposition to the motion. An order to show cause why appellants' motion should not be granted was served on the respondents, Lucille and Bernard. Respondents, Lucille and Bernard, made a countermotion to discharge the order to show cause on the grounds that the Hennepin County District Court had no jurisdiction since the relief asked amounted to a collateral attack on a Carver County District Court judgment and process; that no summons and complaint had been served on the respondents and that no relief was asked against them; that the respondents were entitled to have their rights determined in a plenary action; and that no motion was pending before the court against the respondents but only against Frank Murray, the judgment debtor.

The trial court did not err in denying the motion to adjudicate the validity of an execution sale conducted pursuant to process of the Carver County District Court in another and separate action. In Wagner v. Farmers Co-op. Exchange Co. 147 Minn. 376, 180 N. W. 231, 14 A. L. R. 279, we held that the district court of one county may not interfere with process issued to enforce a judgment in an action in the district court of another county in the state, unless on the face of the record the judgment is void. Irregularities that make a

judgment voidable merely, can be taken advantage of only in the court where the judgment was rendered.[2] The writ of execution directed to the sheriff of Hennepin County by the Carver County District Court was a process to enforce the Carver County judgment for $89.05 and had no relation to the subject matter of the Hennepin County action or to the Hennepin County judgment, except the purely incidental one that the Hennepin County judgment was the property seized and sold to satisfy the Carver County judgment. There was nothing on the face of the record before the trial court to indicate that the Carver County judgment, or the process issued to enforce that judgment, was void. Chaos in the administration of justice would indeed result if a court were permitted to attack collaterally by summary order in one action the validity of process in a different and separate action over which the court of another county has already taken and exercised jurisdiction.

Appellants claim there is jurisdiction over respondents by virtue of the rule that a purchaser at an execution sale *to enforce a judgment* voluntarily submits himself to the jurisdiction of the court so far as concerns the validity of the sale and all proceedings had in the action in which the judgment was rendered.[3] Aside from the basic objection that in the instant case the Hennepin County District Court had no jurisdiction over the subject matter of the Carver County action, the foregoing rule has no application here for another reason, namely, because the relief sought by appellants involves the validity of no process or proceeding in the Hennepin County action. If the appellants had brought their motion in the Carver County action, then the foregoing principle would apply since the execution sale was held to enforce the Carver County judgment and not the Hennepin County judgment. In becoming purchasers at the execution to enforce the Carver County judgment, respondents voluntarily submitted themselves to the jurisdiction of the Carver County court in that action and not to the jurisdiction of the court in the Hennepin County action. We are not here concerned with any process to enforce the Hennepin County

[2] Wagner v. Farmers Co-op. Exchange Co. *supra;* 5 Dunnell, Dig. (3 ed.) § 2350, and cases therein cited.

[3] See, 31 Am. Jur., Judicial Sales, § 147.

judgment. We would have a different situation if the execution sale had been ordered in the Hennepin County action to enforce the Hennepin County judgment, but that is not our case.[4]

Appellants, however, assert that, even if the trial court properly denied the motion to invalidate the execution sale, the motion ought to have been granted in respect to the cancellation and annulment of the satisfaction of judgment since the Hennepin County judgment debtor, Frank Murray, was in default. It does not appear from the record, it is true, how the setting aside of the satisfaction would prejudice any rights of either Lucille or Bernard. No showing has been made for what reason or consideration respondents executed the satisfaction. Any annulment of the satisfaction as to Frank Murray alone would inevitably, however, impair respondents' right to satisfy the judgment and would impliedly involve an attack upon their title to the judgment which they acquired under the execution sale. If the execution sale was in fact void, then no rights were acquired thereunder against the appellants and they, as the trial court observed, need no present determination to preserve their original status as judgment creditors. Under the circumstances, we cannot say that the trial court abused its discretion and equitable powers by denying present summary relief against Frank Murray until the rights of all the parties may be adjudicated in a plenary action.

The order of the trial court is affirmed.

Affirmed.

---

[4]The decision in Finnish People's Home Co. v. Longyear-Mesaba L. & I. Co. 117 Minn. 313, 135 N. W. 990, is not in point. The motion therein was not directed toward another independent and separate action and, furthermore, involved only the parties to the original action. In Henry v. Traynor, 42 Minn. 234, 44 N. W. 11, the act sought to be invalidated occurred wholly within the case in which the motion was brought. In Thompson v. Sutton, 23 Minn. 50, the motion to set aside an execution sale was made to the court from which the execution was issued and involved only the parties in that action.