**UNITED BANK OF SKYLINE,**
**Respondent,**

v.

**David FALES, Defendant,**

**Arthur J. Petrie, Appellant.**

**No. C8–86–549.**

Court of Appeals of Minnesota.

Oct. 28, 1986.

Review Granted Dec. 23, 1986.

R. Michael Regan, Mankato, Wendell B. Porterfield, Denver, Colo., for respondent.

Daniel H. Meyer, Mankato, for defendant.

Russell E. Vigil, Denver, Colo., for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Arthur Petrie appeals the denial of his motion to vacate a Colorado summary judgment against him, filed in Minnesota under the Uniform Enforcement of Foreign Judgments Act, Minn.Stat. §§ 548.26–.33 (1984). We affirm.

## FACTS

Appellant Arthur J. Petrie co-signed a promissory note in favor of respondent, United Bank of Skyline located in Denver, Colorado. Appellant is a resident of Mankato, Minnesota, and was involved in a Colorado building project. The debtors apparently defaulted on the loan and respondent foreclosed in Colorado on the real estate mortgaged to secure the loan. The bank purchased the property at the foreclosure sale for $485,000, the face amount of the note. However, after interest was added, there was a $51,000 deficiency. The bank brought a Colorado court suit against Petrie and his partner for the deficiency. The partner settled with respondent and is not a party to this appeal.

After cancellation of the trial, originally set for July 1985, the bank moved for summary judgment. The parties were notified of the motion and a hearing was conducted December 10, 1985. The court entered summary judgment in favor of respondent.

Appellant's counsel did not appear at the summary judgment hearing, submitted no reply to the motion, and claims he was not notified of the hearing. He was notified of the motion, and the record shows hearing notices were sent to Petrie's counsel at the address affixed to his pleadings.

Appellant moved the Colorado court to vacate the summary judgment and for a rehearing. The court heard appellant's motion on January 22, 1986 and refused to vacate the judgment. That Colorado decision was not appealed.

Respondent docketed the judgment in Blue Earth County on February 7, 1986, before expiration of the Colorado appeal period on denial of appellant's motion to vacate. On March 10, 1986, appellant made a motion in Minnesota for vacation of the judgment under Minn.R.Civ.P. 60.02(6).

Following a hearing, the trial court denied appellant's motion and characterized the summary judgment as a default judgment. The trial court reasoned appellant was precluded from obtaining relief in Minnesota because he did not appeal the judgment in Colorado.

## ISSUE

Did the trial court err in refusing to vacate a Colorado judgment?

## ANALYSIS

Appellant argues that Minn.Stat. § 548.-27 (1984), Minnesota's version of the Uniform Enforcement of Foreign Judgments Act, authorizes this court to vacate the Colorado judgment under Minn.R.Civ.P. 60.02. This rule provides:

> On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; * * or (6) any other reason justifying relief from the operation of the judgment.
>
> The motion shall be made in a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment * * * was entered * * *.

Minn.R.Civ.P. 60.02.

Petrie claims that because he did not receive notice of the hearing on the summary judgment motion, even though he was notified of the motion, provision (6) should operate in his favor. However, Minnesota courts have limited authority to vacate a foreign judgment.

■ Where Minn.R.Civ.P. 60.02 may be used to reopen a Minnesota judgment, it may not apply in the same way to a foreign judgment. In *Matson v. Matson,* 333 N.W.2d 862 (Minn.1983) the supreme court noted that the language of Minn.Stat. § 548.27 does not allow the courts of this State to apply Rule 60.02 to "foreign judg-

ments in the same manner it is applied to judgments of the courts of this state." *Matson*, 333 N.W.2d at 867. Thus, foreign judgments are seldom subject to vacation except by the rendering court. *Id.* Moreover, clause (6) of Rule 60.02 may not be used to correct a judicial error that could have been corrected by appeal, the time for which has expired. *Cox v. Wright-Hennepin Coop. Elec. Assn.*, 281 Minn. 568, 569, 161 N.W.2d 293 (1968).

Appellant claims the Colorado court erred by granting respondent's motion for summary judgment. The Colorado court has considered but refused to vacate the judgment. That decision was never appealed in Colorado, even after Minnesota enforcement proceedings were initiated.

The Minnesota Supreme Court has also held that irregularities which make a judgment voidable can be considered only by the court rendering the judgment. *Jensen v. Murray*, 250 Minn. 568, 570–71, 85 N.W.2d 825, 827 (1957). In *Jensen*, the appellant sought vacation of a Carver County judgment in Hennepin County. The supreme court reaffirmed its holding in an earlier case that the court of one county "may not interfere with process issued to enforce a judgment in an action in the district court of another county in the state, unless on the face of the record the judgment is void." *Id.* at 570, 85 N.W.2d at 827 (citing *Wagner v. Farmers' Co-op. Exchange Co.*, 147 Minn. 376, 180 N.W. 231 (1920)). We agree with the trial court's conclusion that the determination here whether this judgment should be vacated was one to be made by the Colorado court, which first entered the judgment.

Similarly, we recently held where a Minnesota defendant subjected himself to the jurisdiction of a foreign court and did not pursue his right of appeal, he could not collaterally attack the judgment. *Corsica Cheese, Inc. v. Roers Enterprises, Inc.*, 389 N.W.2d 751, 753–54 (Minn.Ct.App.1986).

■ Moreover, vacation of the judgment would deny full faith and credit under the federal constitution. U.S. Const. art. IV, § 1. In *Jones v. Roach*, 118 Ariz. 146, 575 P.2d 345 (Ariz.App.1977), *pet. for rev. denied*, (Ariz. Feb. 15, 1978) the Arizona appellate court faced a similar situation. In that case, a judgment was entered in Colorado against defendant, an Arizona resident. He did not pursue any post-judgment remedies and the judgment was filed in Arizona under the Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12–1702. The court refused to vacate the judgment under Ariz.R.Civ.P. 60(c), which is similar to Minn.R.Civ.P. 60.02, and held:

> [P]rocedurally a foreign judgment is subject to the same procedures as a *final* judgment of this state.

*Jones*, 118 Ariz. at 150, 575 P.2d at 349 (emphasis in original).

The court noted that A.R.S. § 12–1704 does not authorize Arizona to consider a Rule 60(c) motion to avoid enforcement of the foreign judgment because doing so would not accord finality to the rendering state's judgment and would be contrary to the Full Faith and Credit Clause of the Constitution. *Id.* We agree with this reasoning. In this case, the finality of the Colorado judgment must be determined by Colorado, the state of rendition. We will treat the judgment as final.

### DECISION

Minn.R.Civ.P. 60.02 may not be used to vacate a foreign judgment where the judgment was not appealed in the state of rendition.

Affirmed.