*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VOX FUNDING, LLC,

        Plaintiff-Appellee,

v

GROW GREEN, LLC, doing business as HYDRO
PROS INDOOR GARDEN SUPPLY; GROW
GREEN CONSULTING, LLC; KAM'S METRO,
LLC; KAM'S 48583 RED OAK, LLC; KAM KAM
PROPERTIES, LLC; KAM KAM HOLDINGS,
LLC; and HANSEE KAMEL SESI,

        Defendants-Appellants,

and

USA VAPE, INC.,

        Defendant.

FOR PUBLICATION
April 13, 2026
2:08 PM

No. 375050
Macomb Circuit Court
LC No. 2025-000231-CZ

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

KOROBKIN, P.J.

This appeal raises the question of whether the Uniform Enforcement of Foreign Judgment Act (UEFJA), MCL 691.1171 *et seq.*, authorizes Michigan trial courts to decline to enforce a judgment issued by another state's court by invoking MCR 2.612(C)(1)(f), the rule that allows courts to relieve parties from a final judgment for "[a]ny other reason" beyond the reasons enumerated in MCR 2.612(C)(1)(a) through (e) that "justif[ies] relief from the operation of the judgment." As a matter of first impression, we hold that when the basis for doing so would be grounded in evaluating the merits of the foreign judgment or its potential conflict with Michigan public policy, the UEFJA does not authorize such relief. We therefore affirm the order and judgment of the trial court below.

-1-

## I. BACKGROUND AND FACTS

Plaintiff, Vox Funding, LLC, entered into a series of agreements in late 2022 and early 2023 with defendants, Grow Green, LLC, Grow Green Consulting, LLC, Kam's Metro, LLC, Kam's 48583 Red Oak, LLC, Kam Kam Properties, LLC, Kam Kam Holdings, LLC, and Hansee Kamel Sesi.[1] The agreements provided that plaintiff would "pay" defined amounts of money in exchange for the right to collect certain amounts of defendants' future receivables.[2] By May 2023, defendants had defaulted under the agreements.

In August 2023, plaintiff sued defendants in New York state court to recover amounts due under the agreements.[3] Plaintiff later moved for summary judgment, and defendants countered by arguing that the agreements were unenforceable loan agreements that imposed an interest rate higher than that allowed under New York's civil and criminal usury laws. The New York court granted plaintiff's motion for summary judgment in July 2024, holding that defendants had failed to perform under the agreements and that the agreements were not subject to usury laws because they were merchant cash agreements rather than loans. The court entered judgment that Grow Green and Sesi were jointly and severally liable for $2,371,712.78, and that Grow Green Consulting, Kam's Metro, Kam's 48583 Red Oak, Kam Kam Properties, and Kam Kam Holdings were jointly and severally liable for $1,463,343.53. Although defendants filed a notice of appeal in New York state court, defendants assert that they "were unable to pursue the appeal as they could not afford to post the required security for the appeal due to the amount of the Foreign Judgment."

Seeking to domesticate and enforce the New York state court judgment in Michigan against defendants, plaintiff filed an affidavit and notice of entry of foreign judgment in Macomb Circuit Court in January 2025. Defendants moved to strike, arguing that because the agreements upon which the New York judgment was based charged an unlawful interest rate, domestication and enforcement of the judgment would violate Michigan's laws and public policies. Defendants also contended that because New York law now allegedly prohibits the types of loans underlying the agreements at issue in the New York judgment, the trial court could not enforce that judgment in Michigan. Defendants asserted that the trial court was authorized under a provision of the UEFJA,

---

[1] We will collectively refer to these parties as defendants. An eighth defendant, USA Vape, Inc., is not a party to this appeal.

[2] Six of the defendants are Michigan business entities whose future receivables were owed under the agreements. Sesi, an individual and Michigan resident, signed the agreements as defendants' "[o]wner/[g]uarantor." One of the agreements, signed in January 2023, involved only Grow Green and Sesi.

[3] The agreements stipulated that they were made in New York, that plaintiff was located in New York and made its decisions in New York, and that plaintiff could elect to bring any suit arising from the agreements in any court sitting in New York.

MCL 691.1173, to use MCR 2.612(C)(1)[4] to refuse to domesticate and enforce the New York judgment.

The trial court denied defendants' motion in a March 2025 opinion and order. The trial court concluded that because there is no public-policy exception to the full faith and credit due foreign judgments, it could not decline to enforce the New York judgment for the agreements' alleged violation of Michigan public policy. The trial court also rejected defendants' challenge to the enforcement of the New York judgment for alleged inconsistency with New York law, again explaining that the United States Constitution's Full Faith and Credit Clause, US Const, art IV, § 1, required it to enforce the New York judgment without regard to the merits of that judgment, and further reasoning that the proper venue for defendants' challenge to the agreements' enforceability under New York law is through an appeal in the New York state courts.

Defendants now appeal.

## II. STANDARDS OF REVIEW

We review for abuse of discretion the denial of a motion to strike a pleading, *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003), and the denial of relief from judgment, *Bullington v Corbell*, 293 Mich App 549, 554; 809 NW2d 657 (2011). "A trial court necessarily abuses its discretion when it premises its decision on an error of law." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 294-295; 14 NW3d 472 (2023).

We review both questions of statutory interpretation and constitutional questions de novo. *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 620; 692 NW2d 388 (2004).

## III. ANALYSIS

Defendants contend that because the New York judgment was based on loans that violate Michigan's laws and public policies, the trial court erred by failing to analyze defendants' challenge to the enforceability of the judgment on this basis despite having the authority to do so under MCL 691.1173 and MCR 2.612(C)(1)(f). We disagree.

The United States Constitution provides that "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." US Const, art IV, § 1. Per this mandate, "[a] judgment entered in another state is presumptively valid and subject to recognition in Michigan." *In re Harder*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 368645); slip op at 8 (quotation marks and citation omitted). Michigan courts are therefore generally "obligated to enforce the orders of other states' courts," *Jones v State Farm Mut Auto Ins Co*, 202 Mich App 393, 406; 509 NW2d 829 (1993), and to give foreign judgments the same effect that

---

[4] Defendants specifically argued that the trial court was authorized to use MCR 2.612(C)(1)(c), (e), and (f) to refuse to domesticate and enforce the New York judgment, but on appeal they advance arguments only under subsection (f).

they have in the state of their rendition, *In re Harder*, ___ Mich App at ___; slip op at 8 (quotation marks and citation omitted).

That said, under the Full Faith and Credit Clause, "[e]nforcement *measures* do not travel with . . . sister state judgment[s] as preclusive effects do." *Baker v Gen Motors Corp*, 522 US 222, 235; 118 S Ct 657; 139 L E 2d 580 (1998) (emphasis added). In other words, Michigan need not "adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments." *Id*. Indeed, by adopting the UEFJA, our Legislature has opted to apply its own enforcement measures to foreign judgments. MCL 691.1173 provides, in pertinent part, that a foreign judgment filed in Michigan under the UEFJA "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the circuit court, the district court, or a municipal court of this state and may be enforced or satisfied in like manner."

The question this appeal presents, a matter of first impression for this Court, is whether MCL 691.1173 allows Michigan courts, out of disagreement with the merits of a foreign judgment or due to a conflict with Michigan public policy, to decline to enforce a foreign judgment by using MCR 2.612(C)(1)(f), which provides that a court may relieve a party from a final judgment for "[a]ny other reason" beyond those reasons enumerated in MCR 2.612(C)(1)(a) through (e) that "justif[ies] relief from the operation of the judgment."[5] We hold that our state's courts have no such authority.

As with any statute, our primary goal in interpreting MCL 691.1173 "is to ascertain the legislative intent that may be reasonably inferred from the statutory language." *Animal Partisan*

---

[5] In full, MCR 2.6112(C) provides as follows:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> (d) The judgment is void.
>
> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
>
> (f) Any other reason justifying relief from the operation of the judgment.

*v Univ of Michigan Bd of Regents*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 374669); slip op at 3 (quotation marks and citation omitted). In this effort, "statutory language cannot be viewed in isolation, but must be construed in accordance with the surrounding text and the statutory scheme." *Id.* (quotation marks and citation omitted). Further, "under the constitutional-doubt canon, . . . courts reasonably presume that the Legislature did not intend to enact a statute that raises serious constitutional doubts. To avoid such an outcome we must adopt any other construction of the statute that is fairly possible." *People v Kvasnicka (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371542); slip op at 5 (cleaned up).

In interpreting MCL 691.1173, we are mindful of the Full Faith and Credit Clause's purpose of "prevent[ing] the litigation of issues in one state that have been decided in another," *In re Harder*, ___ Mich App at ___; slip op at 8 (quotation marks and citation omitted), and the UEFJA's purpose of "mak[ing] uniform the law of those states which enact it," MCL 691.1178. Indeed, it is because "the full faith and credit obligation [owed judgments] is exacting" that there is "no roving 'public policy exception'" to the Full Faith and Credit Clause and we must give credit to other states' judgments even when our state's courts "would not be required to entertain the suit on which the judgment was founded." *Baker*, 522 US at 232-233 (quotation marks and citation omitted). As a result, we have recognized that Michigan courts are required to enforce foreign judgments that undoubtedly violate our state's public policy. See *Int'l Recovery Sys, Inc v Gabler (On Rehearing)*, 210 Mich App 422, 423-424; 527 NW2d 22 (1995) (holding that "we must treat as irrelevant our state's public policy and our courts' long-standing refusal to enforce gambling debts" when "dealing with . . . a foreign judgment" based on a gambling debt from a Nevada state court).

It is also for this reason that we have limited the scope of collateral attacks we will entertain to foreign judgments, typically only entertaining challenges to the rendering foreign court's jurisdiction. See *In re Harder*, ___ Mich App ___; slip op at 8. This approach parallels that in several other UEFJA jurisdictions. See, e.g., *Nader v Serody*, 43 A3d 327, 335 (DC, 2012) (joining "the consensus of courts" in UEFJA jurisdictions that allow challenges to the enforceability of foreign judgments for jurisdictional defects, lack of due process safeguards, and procurement by fraud on the court); *Rosenstein v Steele*, 103 Nev 571, 573; 747 P2d 230 (1987) (citing decisions from the United States Supreme Court, Arizona appellate courts, and the Supreme Court of Utah in holding the same); see also *Padron v Lopez*, 289 Kan 1089, 1099; 220 P3d 345 (2009) (stating that foreign judgments "may not be impeached by collateral attack except for lack of jurisdiction or fraud in the procurement").

The Full Faith and Credit Clause compels us to hold that, despite MCL 691.1173's seemingly broad language, an attack on a foreign judgment made under MCR 2.612(C)(1)(f) due to disagreement with the merits of that judgment or a conflict with our state's public policy falls outside of the limited scope of collateral attacks a Michigan court may entertain to the enforceability of a foreign judgment. To hold otherwise would allow MCL 691.1173 and MCR 2.612(C)(1)(f) to create a back-door public-policy exception to the Full Faith and Credit Clause despite the United States Supreme Court's clarification that no such exception exists. See *Baker*, 522 US at 233. Our approach is thus consistent with the constitutional-doubt canon of statutory interpretation, which requires us to construe a statute, if it is fairly possible to do so, in such a way as not to violate the Constitution. *Kvasnicka*, ___ Mich App at ___; slip op at 5, 8. In so holding, we join our sister courts in other UEFJA jurisdictions which, from our survey, have uniformly

-5-

concluded that, beyond challenging jurisdiction, a lack of due process safeguards, and procurement of a judgment by fraud, a motion for relief from judgment may not be used to avoid enforcement of a foreign judgment. See *Nader*, 43 A3d at 335-336; *Wooster v Wooster*, 399 NW2d 330, 333 (SD, 1987); *United Bank of Skyline v Fales*, 395 NW2d 131, 133 (Minn App, 1986); *Jones v Roach*, 118 Ariz 146, 150; 575 P2d 345 (Ariz App, 1977); *Data Mgt Sys Inc v EDP Corp*, 709 P2d 377, 381 (Utah, 1985). See also *Padron*, 289 Kan at 1105-1106 (stating that there is "considerable authority holding that the [UEFJA] does not allow consideration of the merits of the action that underlies the foreign judgment or order"); *Marworth, Inc v McGuire*, 810 P2d 653, 657 (Colo, 1991) (explaining that most states have held that "the UEFJA may not create defenses to a foreign judgment that violate the full faith and credit clause").

In the present case, then, the trial court had no authority under MCL 691.1173, out of disagreement with the merits of the New York judgment or due to a conflict with Michigan public policy, to decline to enforce the New York judgment by finding relief warranted under MCL 2.612(C)(1)(f). The trial court therefore properly declined to analyze defendants' challenge to the enforceability of the foreign judgment and hence did not abuse its discretion in denying defendants' motion to strike. See *Tolas Oil & Gas Exploration Co*, 347 Mich App at 294-295; *Belle Isle Grill Corp*, 256 Mich App at 469; *Bullington*, 293 Mich App at 554.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi